UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DUVER OSORNO GRAJALES | CIVIL ACTION |
| VERSUS | NO. |
| INTEGON NATIONAL INSURANCE COMPANY, EDWARDS CARRIERS, LLC TD PROPERTY INVESTMENTS & FLIPS, LLC AND KENDRICK D. MELTON | |

### INTEGON NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, Integon National Insurance Company ("INIC"), hereby removes to this Court the state court action described below.

1. On July 27, 2022, Duver Osorno Grajales ("Plaintiff") filed this action, seeking recovery of losses and damages incurred as a result of a motor vehicle accident on September 24, 2021 in Livingston Parish, Louisiana, alleging INIC, as the insurer of co-defendants, Kendrick D. Melton, Edwards Carriers, LLC and TD Property Investments & Flips, LLC. It was further alleged INIC is liable to Plaintiff for personal injuries sustained in the accident.

2. The Petition names as defendant Kendrick D. Melton as the operator of a vehicle owned by TD Property Investments & Flips, LLC, while Kendrick D. Melton was in the course of his employment with Edwards Carriers, LLC. INIC is the alleged insurer as an insurer of co-Defendants. (Petition ¶¶ I-IV).

3. This action was filed in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, entitled *Duver Osorno Grajales v. Integon National Insurance Company, et al*, docket number 174858, Division E.

24-4009

3.	The gravamen of the Petition is that Kendrick D. Melton negligently caused a motor vehicle accident that damaged Plaintiff, that TD Property Investments & Flips, LLC was the owner of the vehicle operated by Kendrick D. Melton who was in the course and scope of his employment with Edwards Carriers, LLC and that INIC provided liability insurance coverage to defendants making all defendants liable unto plaintiff for his damages.  (Petition ¶¶ I-IX.)

4.	This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity of citizenship as to all properly joined parties and the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

5.	INIC has attached all pleadings filed in the record of the state court proceeding as of the date of this filing. (Exhibit A.)  Plaintiff served INIC with process for the original petition on August 10, 2022.  Thus, this Notice of Removal is filed timely, in compliance with 28 U.S.C. § 1446(b).

**Complete Diversity Of Citizenship Exists As To All Properly Joined Parties**

6.	Plaintiff is alleged to be a citizen of the State of Florida.  (introduction paragraph.) INIC is alleged to be a foreign insurer doing business in the State of Louisiana.  (*Id.* at ¶ I.)  INIC is in fact incorporated in North Carolina with its principal place of business in North Carolina and is a citizen of the State of North Carolina for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1); Exhibit B. Kendrick D. Melton is alleged to be citizen of the State of Georgia and Edwards Carriers, LLC is alleged to be a foreign corporation and domiciled in the State of Pennsylvania. TD Property Investments & Flips, LLC is alleged to be a foreign corporation and domiciled in the State of Michigan.

24-4009

7. Complete diversity of citizenship exists between Plaintiff, who is a Florida citizen and all defendants who are non-Georgia citizens. INIC has a right of removal and this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, because there is complete diversity of citizenship as to all joined parties and, as shown below, the amount in controversy exceeds $75,000.

### The Amount In Controversy Exceeds $75,000

8. The Petition is silent as to the total amount in controversy. Therefore, the removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003). The removing party, here INIC, can meet this burden by setting forth facts demonstrating that the amount in controversy exceeds $75,000. *Id.*; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

9. Here, it is clear that the amount in controversy exceeds $75,000. Plaintiff alleges that he was negligently struck by Kendrick D. Melton. Plaintiff alleges the accident caused severe physical injury, severe emotional injury, pain and suffering, past and future medical expenses, loss of enjoyment of life, loss of earnings and other damages. (Petition ¶ X.) Damages alleged included a herniated disc at C6-7 which caused invasive epidural treatments with medical expenses exceeding $140,000. The allegations also included a statement of the injuries sustained by Duver Osorno Grajales exceeding a substantial amount over for one million dollars. (Exhibit B.)

10. Kendrick D. Melton's available liability insurance coverage with INIC, under which Plaintiff's claim is made, has liability limits exceeding $75,000.00. (Exhibit B.) These limits are

24-4009

properly considered in determining the amount in controversy. *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991).

11.     INIC has not tendered any payment to Plaintiff and there is more than $75,000 remaining in liability limits under the policy. (Exhibit B.)  Accordingly, the available limits of coverage under the INIC policy alone exceed $75,000.

13.     The fact that Plaintiff is seeking more than the minimum amount in controversy is also apparent based on the fact that the Plaintiff's Petition failed to allege he was seeking less than $75,000.  While it is generally true under Louisiana law that a plaintiff may not allege a specific amount of damages, an important exception to that rule exists.  The Louisiana Code of Civil Procedure specifically states that:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial*, the lack of jurisdiction of federal courts due to insufficiency of damages*, or for other purposes*, a general allegation that the claim exceeds or is less than the requisite amount is required*.

La. Code Civ. P. Art 893 A(1) (emphasis added).  Thus, if Plaintiff's damages were in fact less than $75,000 Plaintiff was *required* to allege that fact.  *Id.*

14.     Here, Plaintiff did not in fact allege his damages were less than $75,000.  Based on Plaintiff's failure to allege that he was seeking less than $75,000, there is a presumption that the amount in controversy exceeds $75,000.  *Bruce v. Fisher*, No. 06-0840, 2006 U.S. Dist. LEXIS 64032 at * 4 (W.D. La. July 13, 2006) (stating that where a plaintiff fails to allege less than $75,000 is in controversy, plaintiff has "in effect conceded by [the] state court pleadings that the requisite jurisdictional amount is in controversy."); *George v. Dolgencorp. Inc.*, 2008 U.S. Dist. LEXIS 1563 at *1-2 (W.D. La. Jan. 9, 2008) (noting that the failure of plaintiff to allege it was seeking

24-4009

less than $75,000 in Louisiana state court petition is "one piece of evidence for the Court to consider" in determining whether the amount in controversy requirement is met).

16. Co-defendants, Kendrick D. Melton, Edwards Carriers, LLC and TD Property Investments & Flips, LLC. consent to the removal moved for by defendant INIC. (Exhibit C.)

17. Accordingly, the amount in controversy here clearly exceeds $75,000 for diversity jurisdiction purposes, and there is complete diversity of citizenship between the parties.

WHEREFORE, defendant, Integon National Insurance Company, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

*s/ P. M. Donovan.*
**P. M. DONOVAN** (21272)
DONOVAN & LAWLER, APLC
4640 Rye Street
Metairie, LA 70006
Telephone: (504) 454-6808
Facsimile: (504) 887-5885
Email: pdonovan@donovanlawler.com
         jdonovan@donovanlawler.com
Attorneys for defendant, Integon National Insurance Company

CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, a copy of the foregoing Notice of Compliance was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ P. M. Donovan